FILED
CLERK
1:32 pm, Jun 28,2022
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CARLOS ARTURO PATINO RESTEPO,

                Petitioner,

  -against-                                        **MEMORANDUM & ORDER**
                                                  15-CV-1804
UNITED STATES OF AMERICA,            02-CR-1188

                Respondent.
------------------------------------------------------------X

**APPEARANCES:**

**For Petitioner:**
Carlos Patino, Pro Se[1]
64782-053
FCI Schuylkill
P.O. Box 759
Minersville, PA.

**For the Government:**
Breon Peace
United States Attorney
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722
By: Charles N. Rose, AUSA


**HURLEY, Senior District Judge:**

       Presently before the Court is the Report and Recommendation of Magistrate

Judge Lindsay, dated October 27, 2021 (the "R&R") recommending that the

application of petitioner, Carlos Arturo Patino Restrepo ("Patino" or "defendant"),

---

[1] The Court notes that until March 14, 2022 (viz. long after the R&R was issued and until less than two months before objections to the R&R were filed) defendant was represented by Marc A. Fernich, Esq.

for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 be denied. After five extensions of time in which to do so, Patino filed objections to the R&R, proceeding pro se. The matter is ripe for disposition. For the reasons set forth below, the Court rejects Patino's objections and adopts the R&R. Accordingly, the application for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 is denied.

I. **Standard of Review**

Federal Rule of Civil Procedure 72(b) provides that when a magistrate judge issues a report and recommendation on a matter "dispositive of a claim or defense of a party," the district court judge shall make a de novo determination of any portion of the magistrate judge's disposition to which specific written objection has been made. Fed. R. Civ. P. 72(b). Unobjected to portions of a report and recommendation are reviewed for clear error.

II. **Background and Issues Raised in the Petition**

The background of this matter and the trial testimony is thoroughly set forth in the R&R, familiarity with which is presumed. It suffices to say that on April 5, 2011, defendant, a Colombian citizen, was found guilty after trial before the Honorable Leonard D. Wexler of conspiracy to possess with intent to distribute cocaine, conspiracy to import cocaine into the United States, and international cocaine distribution conspiracy.[2] On April 25, 2012 Judge Wexler sentenced

---

[2] Defendant was initially tried on Superseding Indictment S-9 before the Honorable Raymond J. Dearie. That court declared a mistrial after the jury reported it was deadlocked. Following the mistrial, the grand jury returned Superseding Indictment S-13 against Patino; the second trial before Judge Wexler was on S-13.

defendant to concurrent terms of 40 years imprisonment for each of the three conspiracies. On November 27, 2013, the Second Circuit affirmed defendant's conviction.

There are four grounds asserted in the 2255 petition. They are as follows: (1) newly discovered evidence demonstrates perjury by at least two key government witnesses; (2) the government withheld materially favorable statements made by two codefendants to which Patino lacked access; (3) trial counsel was ineffective in failing to call Jose Ernesto Vasquez Aguirre as a witness to impeach the testimony of Lino Orozco, a key government witness whose testimony linked Patino to the Eastern District of New York; and (4) appellate counsel was ineffective in failing to argue that the government's evidence and summation and the Court's jury charge unconstitutionally broadened the indictment in violation of the 5th Amendment Grand Jury Clause.  Judge Lindsay recommended that the petition for habeas corpus relief be denied.

### III. Defendant's Objections

#### A. Ground No. 1 - Newly Discovered Evidence Demonstrates Perjury By Two Witnesses

The first basis for relief asserted by Patino is that newly discovered evidence demonstrates perjury by two key government witnesses. Specifically, he claims that Juan Carlos Sierra Ramirez ("Sierra") and Luis Fernando Castano Alzate ("Castano") committed perjury at trial in denying their own membership in the paramilitary Autodefensas Unidas de Colombia ("AUC") group and the drug collection Envigado office, respectively. He relies on the finding of the Colombian

"Justice and Peace" program which was set up as a framework to demobilize right-wing paramilitaries and left-wing guerilla groups in Columbia; it was not set up as a law enforcement body. He claims that the Justice and Peace program found that Sierra was not a "true member" of the paramilitary AUC as he trafficked narcotics primarily for his own personal gain rather than to advance paramilitary efforts. Further, as to Castano, he claims that the Justice and Peace program's findings indicate Castano committed perjury in claiming he was not a member of the Envigado drug collection office.

With respect to Judge Lindsay's rejection of these claims, Patino argues that there is evidence in the record that the government knew or should have known that Sierra testified falsely at trial to the extent he claimed to be a member of the AUC, although conceding that Sierra implied during his testimony that he was not a member of the AUC. (Pet.'s Obj. at 5-6). Further, because his first trial ended in a mistrial, it is not improbable that had this evidence been brought to light, the jury would have acquitted him. Neither of these arguments provide a basis for relief.

First, having reviewed the matter de novo, the Court rejects the purported discovery of "new evidence" as supporting habeas relief. First, the purported findings are not competent evidence as the Justice and Peace program is not a law enforcement program.[3] Second, assuming the findings (as well as the translation) are accurate, they do not conflict with the trial testimony of Sierra and Castano.

---

[3] The court also notes that the Spanish to English translation is poor at best, with incomplete sentences and apparent mistakes, as well as unintelligible portions.

Page **4** of **12**

Sierra testified that he "worked for the AUC," and that he was in the "financial department" rather that the military or political departments of the AUC (TT[4] at 926-929; 1077.) Moreover, on cross examination he was asked about the Justice and Peace program and testified that he was rejected from the program because the Colombian government said he was not a member of the AUC, he was just a narcotics trafficker. (TT 1076-77.)

Castano testified that he used the services of Envigado, which collected drug trafficking debt on behalf of individual traffickers, knowing that it would sometime torture and kill people to collect the debt. He also testified that Patino had paid to rescue one of the individuals who had been kidnapped. Castano was cross-examined extensively about Envigado. (TT 754-63, 807-09.) The referenced testimony is not contrary to the findings (assuming the translation is accurate) relied on by Patino.[5]

In sum, there was clearly no perjury at trial and the trial testimony of these two witnesses was either identical or worse for the witnesses than the exhibits relied on by Patino. In addition, Patino was aware of and cross examined the witnesses as to the items he now raises and therefore they provide no basis for relief. *See United States v. Abbinanti*, 338 F.3d 331, 332 (2d Cir. 1964 (discrepancies were known to defendant at trial and there was a full opportunity to explore them).

Defendant's claim that newly discovered evidence warrants relief is rejected.

---

[4] TT refers to the trial transcript
[5] The Court also notes that from what was proffered by Patino, it does not appear that there was any evidence presented regarding the Envigado office other than the conclusions of the prosecutor.

B.     Ground **No. 2 – the *Brady* Claim**

*Brady v. Maryland*, 373 U.S. 83, 87-88 (1963) requires the government to disclose evidence to a defendant when the evidence is material to guilt or punishment. To establish a *Brady* violation, a defendant must demonstrate: (1) the evidence at issue is favorable to him because it is either exculpatory or impeaching; (2) the Government suppressed that evidence; and (3) the defendant was thereby prejudiced. *See Strickler v. Greene*, 527 U.S. 263, 281–82 (1999). A habeas claim alleging a *Brady* violation should be denied on the merits where a petitioner is unable to demonstrate the exculpatory nature of the evidence at issue. *See Jones v. Conway*, 442 F. Supp. 2d 113, 128 (S.D.N.Y. 2006). Additionally, "[u]ndisclosed evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Payne*, 63 F.3d 1200, 1209 (2d Cir. 1995) (quoting *United States v. Bagley,* 473 U.S. 667, 682 (1985)).

Patino's *Brady* claim is based on two signed, unsworn statements from two co-defendants, Rios and Rendon, who were members of the Norte Valle Carte ("NVC") and entered into cooperation agreements but did not testify at either of Patino's trials. As characterized by Patino, these statements indicate that Patino was not a member of the NVC and that neither individual had ever been involved in any cocaine shipments with Patino, information which was allegedly passed on to the government.

First, as noted by Magistrate Lindsay, these statements were prepared in Colombia and were not signed under penalty of perjury. Such unsworn testimony is insufficient to contradict sworn trial testimony. *Cf. Haouari v. United States,* 510 F.3d 350, 354 (2d Cir. 2007) (A "general, unsworn recantation . . . is insufficient to contradict sworn trial testimony.")  Second, the statements do not undermine the confidence in the outcome of the trial given the substantial evidence presented by the government and the fact that, when read carefully, the statements do not contradict the testimony at trial of the other witnesses. As Judge Lindsay aptly noted:

> Notably, none of the drug shipments discussed at trial involved either Rendon or Flores and neither was mentioned in the testimony of any witness. Moreover, the fact that Rendon and Flores now claim that Paitino was not a member of the NVC and had never taken part in drug shipments "with them" is immaterial. Indeed, a careful read of Rendon's and Florez's statements suggest only that Patino was not part of a subset of the NVC under another NVC boss, Hernando Gomez Bustamante, alias Rasguno.
>     In comparison, the government presented evidence at trial that Patino was a boss in his own right and controlled a different area of the North Valley. In fact, numerous witnesses testified at trial about Patino's role in the NVC. For example, Villanueva testified that he worked for Rasguno and there were hundreds of people who he conspired with Rasguno, including Patino. Villanueva explained that the Bustamante/Rasguno organization operated in and controlled the city of Cartago while Patino controlled the town of Viterbo on behalf of the NVC. Sierra similarly testified that after the AUC expanded into the North Valley, Sierra learned that Patino controlled Viterbo and Rasguno controlled El Zarzal and Cartago with another boss. As such Rendon's and Florez's statement that Patino was not part of the NVC controlled by Rasguno is simply a red herring.
>     Equally immaterial is the fact that Rendon and Florez allegedly advised the government that they themselves had never taken part in drug shipments with Patino. No one at trial testified that Patino engage in drug shipments involving Rendon and Florez. And, Rendon's and Florez's statements concerning their personal lack of involvement with Patino does nothing to impeach the trial testimony given by numerous witnesses concerning their own drug deals with Patino. Accordingly, . . . there is no

>     reasonable possibility that these witnesses' statements could have led to a different result . . . .

(R&R at 21-22.)

In other words, Patino has failed to establish both that the evidence is exculpatory and that it is material. Accordingly, the *Brady* claim provides no basis for relief.

> **C.      Ground No. 3 - Ineffective Assistance of Trial Counsel: Failure to Call Vasquez as a Witness**

Claims of ineffective assistance of counsel are governed by *Strickland v. Washington*, 466 U.S. 668 (1984). In *Strickland,* the Supreme Court held that to prevail on an ineffective assistance of counsel claim, a petitioner must establish (1) that his counsel performed deficiently, and (2) that the deficiency caused actual prejudice. *Id*. at 687. *See also Dunham v. Travis,* 313 F.3d 724, 730 (2d Cir. 2002). Under the first prong, "we ask whether counsel's performance was so deficient that, in light of all the circumstances, the identified acts or omissions were outside the range of professionally competent assistance." *Gonzalez v. United States*, 722 F.3d 118, 130 (2d Cir. 2013) (internal quotation marks omitted); *accord Harrington v. Richter,* 562 U.S. 86, 105 (2011) ("[t]he question is whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom.") (internal quotation marks omitted). A court must "indulge a strong presumption that counsel's conduct falls within the range of reasonable professional assistance." *Strickland,* 466 U.S. at 689. To satisfy the prejudice prong, a petitioner must show

that but for the attorney's deficient performance, there is a reasonable probability that the result would have been different. *Id.* at 694. More is required than a mere showing "that the errors had some conceivable effect on the outcome of the proceeding," as "not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding." *Id.* at 693. "A reasonable probability is one sufficient to undermine confidence in the outcome of the trial or appeal." *Dunham*, 313 F.3d at 730.

The Second Circuit has instructed that a reviewing court should be "highly deferential" to counsel's performance, because "'[i]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable.'" *Pratt v. Greiner*, 306 F.3d 1190, 1196 (2d Cir. 2002) (quoting *Strickland*, 466 U.S. at 689).

Although the test for ineffective assistance of counsel contains two prongs, the Supreme Court specifically in *Strickland* noted that the federal district courts need not address both components if a petitioner fails to establish either one. The relevant excerpt from that decision reads:

> Although we have discussed the performance component of an ineffectiveness claim prior to the prejudice component, there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one. In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.

466 U.S. at 697.

The two Strickland requirements are conjunctively stated, meaning that the failure to establish either is fatal.

Patino asserts that his trial counsel was ineffective because he failed to call Vasquez to rebut the testimony given by Orozco about her husband's distribution of Patino's drugs in America and to attack the credibility of Castano who corroborated Orozco's testimony. Patino bases this claim on a Colombian declaration purportedly made by Vasquez two months after Patino's sentence in an area of the North Valley controlled by Patino. A fair transalation of the statement is "During my stay on Long Island, I performed tourist activities and did work relating to construction unions with known Colombian residents sporadically."

This argument fails for a number reasons, any one of which is sufficient for denying it as a basis for relief. First, Patino has made no showing that Vasquez had been located prior to trial or that he was available for his trial attorney to call as a witness. Second, his trial attorney has averred that to the best of his recollection Patino did not discuss Vasquez as a possible witness prior to or during the trial and that he was dependent on Patino's Colombian attorneys to locate possible witnesses in Colombia. Third, while Patino claims that from the statement the Court should conclude that Vasquez would have testified that he never sold drugs for Patino, in fact, no such inference can be made. Finaly, given the absence of an affirmative denial by Vasquez vis a vis selling drugs for Patino, the proffered testimony is unlikely to have affected the outcome of the proceeding.

### D. Ground No. 4 - Ineffective Assistance of Trial and Appellate Counsel: constructive Amendment

The last ground raised by Patino is that both trial and appellate counsel rendered ineffective assistance by failing to raise that Counts 1 – 3 of the indictment were "unconstitutionally broadened by the evidence at trial, the government's summation and the court's jury instructions." In addressing this ground, Judge Lindsay first noted that the memorandum submitted by Patino's counsel in support of the 2255 petition was confined to the first three grounds although the memorandum stated that Patino intended to pursue the fourth ground pro se. Inasmuch as a criminal defendant has no right to represent himself as co-counsel with his own attorney and neither Patino nor his counsel offered any compelling reason to justify Patino's appearance as co-counsel, she recommended denial of this ground as a basis for relief.

In objecting to this recommendation, Patino concedes that he was represented by counsel but maintains that because of the "seriousness" of this claim, it is an abuse of discretion not to consider it.

Like Judge Lindsay, this Court concludes that given the absence of any compelling reason to allow Patino to act as co-counsel, this claim need not be considered.[6] Moreover, it lacks merit.

---

[6] That long after the filing of the R&R and four requests for an extension of time to file objections by Patino's counsel, Patino requested that his counsel be relieved, sought an additional extension and then filed his objections "pro se" does not change this result. Indeed, the Court finds it curious that one of the reasons counsel requested the extensions was the need to engage a Spanish interpreter as his office no longer employed one, yet Patino's "pro se" submission is in perfect English.

Page **11** of **12**

Patino' argument focuses on the introductory language of the indictment referencing the NVC and ignores the operative charging language of the indictment that he "**together with others**, did knowingly conspire . . . ." (superseding Indictment (S-13) (emphasis added). As the indictment charges that Patino conspired "with others," there is no variance in proof by the introduction of evidence of drug dealings with persons other than members of the NVC.

In addition, "[w[hen the indictment contains a conspiracy charge, uncharged acts may be admissible as direct evidence of the conspiracy itself." *United States v. Washington*, 347 F. App'x 704, 705-06 (2d Cir. 2009) (quoting *United States v. Thai*, 29 F.3d 785, 812 (2d Cir. 1994). Indeed, "[i]t is clear the government may offer proof of other acts not included within the indictment as long as they are within the scope of the conspiracy. *Thai*, 29 F.3d at 812. As there is no merit to Patino's argument, the failure to raise it cannot constitute ineffective assistance of counsel.

## CONCLUSION

Having conducted a de novo review, the Court agrees with Judge Lindsay's conclusion that the grounds raised do not warrant § 2255 relief. Accordingly, the § 2255 petition is denied.

**SO ORDERED.**

Dated: Central Islip, New York      s/ Denis R. Hurley
       June 28, 2022                 Denis R. Hurley
                                                    United States District Judge